IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.,<br><br>*Plaintiff*,<br>v.<br><br>LG ELECTRONICS LTD., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC.<br><br>*Defendants*. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("St. Clair"), for its Complaint against Defendants LG Electronics Ltd., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. ("LG") (collectively, "Defendants") states and alleges as follows:

### THE PARTIES

1. Plaintiff St. Clair is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite No. Two, Grosse Pointe, Michigan 48230.

2. Upon information and belief, Defendant LG Electronics, Ltd. is a Korean corporation having its principle place of business at LG Twin Towers, 20 Yeouldo-Dong Yeongduengpo-Gu, Seoul 150-721, South Korea M4.

3. Upon information and belief, Defendant LG Electronics U.S.A., Inc. is a Delaware corporation having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG Electronics U.S.A., Inc. may be served via its registered agent,

United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. Upon information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation having its principal place of business at 10225 Willow Creek Road, San Diego, California 92131.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, specifically §§ 271 and 281-285.  This Court has subject matter jurisdiction under Title 28 United States Code §§ 1331 and 1338(a).

6. Personal jurisdiction over Defendants comports with the United States Constitution and 10 Del. C. § 3104 of the Delaware Code because Defendants have committed and continues to commit acts of patent infringement in this district as alleged in this Complaint.

7. Venue is properly within the district under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

8. St. Clair owns all of the rights and interests in United States Patent Nos. 5,710,929 (the "'929 Patent"); 5,758,175 (the "'175 Patent"); 5,892,959 (the "'959 Patent"); and 6,079,025 (the "'025 Patent") (collectively, the "power management patents"); and further owns all of the rights and interest in United States Patent Nos. 5,630,163 (the "'163 Patent") and 5,822,610 (the "'610 Patent") (collectively, along with the power management patents, the "Patents in Suit").

9. The '929 Patent entitled "Multi-State Power Management For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on

January 20, 1998, after full and fair examination. A copy of the '929 Patent is attached as Exhibit A.

10. The '175 Patent entitled "Multi-Mode Power Switching For Computer Systems" was duly and legally issued by the United States Patent and Trademark Office on May 26, 1998, after full and fair examination. A copy of the '175 Patent is attached as Exhibit B.

11. The '959 Patent entitled "Computer Activity Monitor Providing Idle Thread And Other Event Sensitive Clock And Power Control" was duly and legally issued by the United States Patent and Trademark Office on April 6, 1999, after full and fair examination. A copy of the '959 Patent is attached as Exhibit C.

12. The '025 Patent entitled "System And Method Of Computer Operating Mode Control For Power Consumption Reduction" was duly and legally issued by the United States Patent and Trademark Office on June 20, 2000, after full and fair examination. A copy of the '025 Patent is attached as Exhibit D.

13. The '163 Patent entitled "Computer Having A Single Bus Supporting Multiple Bus Architectures Operating With Different Bus Parameters" was duly and legally issued by the United States Patent and Trademark Office on May 13, 1997, after full and fair examination. A copy of the '163 Patent is attached as Exhibit E.

14. The '610 Patent entitled "Multiple Functions From Single Chip/Multi-Chip Processors For Computers" was duly and legally issued by the United States Patent and Trademark Office on October 13, 1998, after full and fair examination. A copy of the '610 Patent is attached as Exhibit F.

15. Defendants sell and distribute, including, upon information and belief, sales and distribution within the District of Delaware, smartphones and tablets that use the Android

operating system, including but not limited to, Ally, Arena, Chocolate, Cosmos, Dare, dLite, Encore, enV Touch, eXpo, Fathom, G-Slate, Incite, Neon, Optimus, Phoenix, Prime, Quantum, Revolution, Thrill, Thrive, Versa, Vortex, Voyager, Vu, and Xenon.

16. Upon information and belief, Defendants were aware of the Patents in Suit as a result of at least the following facts:

   a. The U.S. Patent Office repeatedly cited one or more of St. Clair's power management Patents in Suit or related patents as prior art against Defendants' own patent applications, e.g., the applications for Defendants' U.S. Patent No. 7,131,016; and U.S. Patent No. 7,813,897.

   b. Defendants have knowledge of the Patents in Suit through Defendants' involvement in other litigation including litigation with St. Clair, including but not limited to

      i. *Saxon Innovations v. Research in Motion et al.,* EDTX 07-cv-490

17. Defendants, upon information and belief, became aware of the Patents in Suit through Defendants' involvement with entities that search for, buy, sell, broker, and/or license patents:

   a. Defendants regularly communicate with, are members/shareholders/partial owners of, and hire entities to search for, buy, sell, broker sales, and/or license patents that may relate to Defendants' products;

   b. Defendants actively participate in and communicate with such entities, as well as various patent aggregation entities, including but not limited to RPX; Allied Security Trust (AST); Intellectual Ventures (IV); Drakes Bay Company; Ocean Tomo; Transpacific IP; Technology, Patents and Licensing Inc. (TPL); InterDigital

      Communications Corp. (IDCC); Acacia; Quantum Intellectual Property Services (QUIPS); and yet2.com Inc.;

c. Such entities are in the business of searching for, analyzing, purchasing, licensing, and/or selling patents and patent portfolios, and regularly find and disclose patents, such as the Patents in Suit, to companies such as Defendants;

d. St. Clair, directly and/or through JMP Securities, discussed selling and/or licensing the Patents in Suit to several entities that search for, buy, sell, broker, and/or license patents, including RPX; Intellectual Ventures (IV); Drakes Bay Company; Ocean Tomo; Transpacific IP; Technology, Patents and Licensing Inc. (TPL); InterDigital Communications Corp. (IDCC); Acacia; Quantum Intellectual Property Services (QUIPS); and yet2.com Inc.; and

e. Upon information and belief, one or more of such entities disclosed the Patents in Suit to Defendants.

18.    Upon information and belief, Defendants have reason to believe that they were implementing technology in their smartphones and tablets that was related to and infringed the claimed technology of the Patents in Suit and Defendants acted deliberately and/or objectively and subjectively reckless in moving forward with such technology. Defendants encountered one or more of the Patents in Suit in a manner showing the relevance of the Patents in Suit to Defendants' technology. For example, Defendants' interest in obtaining patents relating to the technology at issue in the Patents in Suit through patent brokers, which involved technology that Defendants were implementing or considering implementing in its smart phones and tablets. Other instances in which Defendants encountered the Patents in Suit include Defendants' litigation activities in suits involving power management, as well as Defendants' litigation

activities involving St. Clair. For example, upon information and belief, Defendants obtained discovery of St. Clair's patent portfolio, which included the Patents in Suit, and Defendants conducted due diligence relating to St. Clair's patent holdings stemming from Defendants' involvement in other litigation involving St. Clair.

19. Given the totality of the circumstances, Defendants obtained knowledge of the Patents in Suit in a manner in which, independently and collectively, constituted disregard of the Patents in Suit in making and selling smartphones and tablets that was at least objectively and subjectively reckless if not deliberate infringement of known patent rights. Upon information and belief, the substantial risk that Defendants' smartphones and tablets implemented technology that would infringe the Patents in Suit was either known and/or was so obvious under the circumstances that the infringement risk should have been known.

## COUNT I
## INFRINGEMENT OF THE '929 PATENT

20. Plaintiff incorporates each of the preceding paragraphs 1 - 19 as if fully set forth herein.

21. Defendants are infringing the '929 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '929 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

22. Upon information and belief, Defendants have willfully infringed the '929 Patent by having deliberately engaged in its infringing conduct in knowing disregard of the '929 Patent and have acted at least objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '929 Patent.

23. The infringement by Defendants of the '929 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants is enjoined from infringing the '929 Patent.

## COUNT II
## INFRINGEMENT OF THE '175 PATENT

24. Plaintiff incorporates each of the preceding paragraphs 1 - 23 as if fully set forth herein.

25. Defendants have infringed the '175 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '175 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

26. Upon information and belief, Defendants have willfully infringed the '175 Patent by having deliberately engaged in its infringing conduct in knowing disregard of the '175 Patent and have acted at least objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '175 Patent.

27. The infringement by Defendants of the '175 Patent has injured St. Clair.

## COUNT III
## INFRINGEMENT OF THE '959 PATENT

28. Plaintiff incorporates each of the preceding paragraphs 1 - 27 as if fully set forth herein.

29. Defendants are infringing the '959 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented

inventions claimed in the '959 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

30. Upon information and belief, Defendants have willfully infringed the Patents in Suit by having deliberately engaged in their infringing conduct in knowing disregard of the Patents in Suit and have acted at least objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '959 Patent.

31. The infringement by Defendants of the '959 Patent has injured St. Clair.

### COUNT IV
### INFRINGEMENT OF THE '025 PATENT

32. Plaintiff incorporates each of the preceding paragraphs 1 - 31 as if fully set forth herein.

33. Defendants are infringing the '025 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '025 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

34. Upon information and belief, Defendants have willfully infringed the '025 Patent by having deliberately engaged in its infringing conduct in knowing disregard of the '025 Patent and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '025 Patent.

35. The infringement by Defendants of the '025 Patent has injured St. Clair.

## COUNT V
## INFRINGEMENT OF THE '163 PATENT

36. Plaintiff incorporates each of the preceding paragraphs 1 - 35 as if fully set forth herein.

37. Defendants is infringing the '163 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented inventions claimed in the '163 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

38. Upon information and belief, Defendants have willfully infringed the '163 Patent by having deliberately engaged in their infringing conduct in knowing disregard of the '163 Patent and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '163 Patent.

39. The infringement by Defendants of the '163 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants is enjoined from infringing the '163 Patent.

## COUNT VI
## INFRINGEMENT OF THE '610 PATENT

40. Plaintiff incorporates each of the preceding paragraphs 1 - 39 as if fully set forth herein.

41. Defendants is infringing the '610 Patent literally, or under the doctrine of equivalents, by importing into the United States, and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, products embodying the patented

inventions claimed in the '610 Patent without authority, including but not limited to the products identified in preceding paragraph 15.

42. Upon information and belief, Defendants have willfully infringed the '610 Patent by having deliberately engaged in its infringing conduct in knowing disregard of the '610 Patent and have acted objectively and subjectively reckless in implementing technology in their products that they knew or should have reasonably known would infringe the '610 Patent.

43. The infringement by Defendants of the '610 Patent has injured St. Clair and will cause St. Clair added irreparable injury and damage in the future unless Defendants is enjoined from infringing the '610 Patent.

## DEMANDS FOR RELIEF

WHEREFORE, St. Clair respectfully requests that judgment be entered in its favor and against Defendants as follows:

a. That Defendants have infringed the '929, '175, '959, '025, '163, and '610 patents;

b. That Defendants' infringement of the '929, '175, '959, '025, '163, and '610 patents has been willful;

c. That Defendants and their respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, be temporarily and permanently enjoined from infringement of the '929, '163, and '610 patents;

d. That Defendants be ordered to account for and pay to St. Clair the damages to which St. Clair is entitled as a consequence of the infringement of the '929, '175, '959, '025, '163, and '610 patents, together with pre-judgment interest and costs;

e. That a post-judgment equitable accounting of damages be ordered for the period of infringement of the '929, '163, and '610 patents;

    f.    That all other damages permitted by Title 35 United States Code § 284, including increased damages up to three times the amount of compensatory damages found be awarded;

    g.    That St. Clair be awarded its costs and attorneys' fees; and

    h.    That St. Clair be awarded such other and further relief as the Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

St. Clair respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

| | |
|---|---|
| December 30, 2011 | BAYARD, P.A. |
| OF COUNSEL: | /s/ *Richard D. Kirk* |
| R. Terrance Rader<br>Charles W. Bradley<br>Glenn E. Forbis<br>Rader, Fishman & Grauer PLLC<br>39533 Woodward Avenue<br>Bloomfield Hills, MI  48304<br>(248) 594-0600<br>rtr@raderfishman.com<br>cwb@raderfishman.com<br>gef@raderfishman.com | Richard D. Kirk (rk0922)<br>Stephen B. Brauerman (sb4952)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899-5130<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br><br>*Attorneys for St. Clair Intellectual Property Consultants, Inc.* |