# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> *Plaintiff*, <br> v. <br><br> LG ELECTRONICS LTD., LG ELECTRONICS USA, LG MOBILECOMM U.S.A. <br> *Defendants*. | Civil Action No. 11-1304-LPS <br><br> **JURY TRIAL DEMANDED** |

## RULE 16 SCHEDULING ORDER

This 26th day of June, 2012, the Court having consulted with the parties' attorneys and received a joint proposed scheduling order, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that the following schedule shall supersede any previously entered scheduling orders and shall govern these consolidated cases henceforth:

For purposes of this Scheduling Order, the parties are defined as follows:

(1) "St. Clair" means St. Clair Intellectual Property Consultants, Inc.

(2) "LG" means LG Electronics, Inc., LG Electronics U.S.A., and LG Electronics Mobilecomm U.S.A., Inc.

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order.

2. <u>Discovery.</u>

a. Initial Discovery.

i. On or before 30 days from the date of this Order, each party shall make the Initial Disclosures as required by paragraph 3 of the Default Standard for Discovery including Discovery of Electronically Stored Information ("Default Standard"); however, the number of custodians in section 3(a) of the Default Standard for Discovery is 5 rather than 10.

ii. Within 45 days after the Rule 16 Conference, Plaintiff shall specifically identify the accused products, and the asserted patent(s) which they allegedly infringe, and a preliminary list of asserted claims, and produce (1) the file history for each asserted patent; (2) the file history for each patent to which any asserted patent claims priority; and (3) copies of the invalidity contentions served on Plaintiff in connection with any other litigation concerning any one or more of the patents-in-suit.

iii. Within 45 days after receipt of the above, defendant shall produce to the plaintiff core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. If requested by Plaintiff, Defendant shall make relevant source code in its possession, custody, and control available for inspection.

iv. Within 60 days after receipt of the above, plaintiff shall produce to defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. Plaintiff may in good faith increase or decrease the number of asserted claims previously identified in section 2.a.

v.  Within 30 days after receipt of the above, defendant shall produce to the plaintiff its initial invalidity contentions for each claim identified in section 3.a, as well as the related invalidating references (e.g., publications, manuals, and patents).

vi.  The parties need not produce metadata absent good cause shown.

2.  <u>Joinder of Other Parties and Amendment to Pleadings.</u> All motions to join other parties shall be filed on or before **September 14, 2012**. All motions to amend or supplement the pleadings shall be filed on or before **July 12, 2013**.

3.  <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.  <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **July 16, 2013**.

b.  <u>Document Production</u>. Document production shall be substantially complete by **December 14, 2012**.

c.  <u>Requests for Admission</u>. A maximum of one hundred (100) requests for admission are permitted for each side.

d.  <u>Interrogatories and Contentions</u>.

i.  A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side. The foregoing limitations are without prejudice to the right of the plaintiff or defendant to request additional interrogatories from the Court for good cause shown or for the parties to agree to additional interrogatories.

ii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The

adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery.</u> The parties shall each be limited to 105 hours of deposition, excluding experts. Plaintiff's 105 hours of deposition may include up to 30 hours of 30(b)(6) and/or 30(b)(1) depositions of defendant or a defendant's employee, as the case may be. Defendant's 105 hours of deposition may include up to 30 hours of 30(b)(6) and/or 30(b)(1) depositions of the plaintiff or a plaintiff's employee, as the case may be, exclusive of any inventors or prosecuting attorneys. Except as set forth below, no non-expert deposition shall last longer than seven (7) hours. Once a deposition begins, it shall be counted against the deposing party's time limit for a minimum of 3 hours, even if the actual length of the deposition is less than 3 hours, unless the parties agree separately in writing or on the record.

        (i)    Each of the named inventors may be deposed for two seven-hour (7) days;

        (ii)    Each prosecuting attorney for each of the patents-in-suit may be deposed for two seven-hour (7) days; and

        (iii)    Any deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 7.5 hours of testimony for every 10 hours of deposition, which at the option of the party presenting such deponent must be completed in a single day.

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to

this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 13, 2013**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **September 17, 2013**. Reply expert reports from the party with the initial burden of proof are due on or before **October 8, 2013**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery, including all depositions, shall be completed by **November 19, 2013**.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the

Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order]

6

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On **February 14, 2013**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. ~~The parties shall each present a technology tutorial to the Court on _____, 2012, which shall be recorded for the Court.~~ See page 11

10. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **October 30, 2012**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction

7

and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **November 13, 2012**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. Claim Construction Briefing. The parties shall contemporaneously submit initial briefs on claim construction issues on **November 30, 2012**. The parties' answering/responsive briefs shall be contemporaneously submitted on **December 28, 2012**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

12. Hearing on Claim Construction. Beginning at **9:00 a**.m. on **Jan. 25**, 201**3**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. Reduction in the Number of Asserted Claims. Plaintiff shall disclose to Defendant no more than twenty-five claims upon which Plaintiff intends to proceed to trial on no later than thirty (30) days after the Court issues its claim construction ruling. Expert discovery

8

shall be limited to these asserted claims.14.  Reliance On Advice of Counsel. Defendant shall disclose to Plaintiff any advice of counsel that it may rely upon as a defense to willful infringement no later than fifty (50) days after the Court issues its claim construction ruling.

15. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **December 14, 2013**; response briefs shall be filed on or before **January 16, 2014**; and reply briefs shall be filed on or before **January 30, 2014**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

16. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. Pretrial Conference. On __TBD__, 201_, the Court will hold a pretrial conference in Court with counsel beginning at __TBD__.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before __TBD__, 201_. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

18. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall

9

be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in Limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

20. <u>Trial</u>. This matter is scheduled for a __ day (TBD) ____ trial beginning at 9:30 a.m. on __TBD__, 201_, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.