## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | ) ) ) | |
| *Plaintiff,* | ) ) | C.A.  No.  11-1304-LPS |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC . | ) ) ) ) | |
| *Defendants.* | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties in the above-captioned case agree that each party may assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary, and which may cause a producing party to suffer serious competitive harm if the information is made available to customers, competitors, or to the public. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other party or parties certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than the above-captioned case, and shall not be disclosed except as provided by this Stipulated Protective Order. A producing party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information. In addition, the parties contemplate that confidential information may be produced by a non-party. The parties therefore seek to facilitate the production and protection of such information. Accordingly, based upon the agreement of the parties and for

good cause shown, it is hereby ordered pursuant to Fed. R. Civ. P. 26(c) that the following procedure shall be adopted for the protection of confidential and proprietary information:

1.    **Definitions.**    As used in this Stipulated Protective Order, these terms have the following meanings:

a.    "Confidential Material" means information designated in accordance with Paragraph 3(a) and not excluded by Paragraph 3(d);

b.    "Highly Confidential Material" means information that is the subset of Confidential Information designated in accordance with Paragraphs 3(b) and 3(c) and not excluded by Paragraph 3(d);

c.    "Materials" includes all documents, transcripts, records, and things (in any form, including oral, written, or electronic, whether or not embodied in any physical medium) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

d.    "Protected Material" includes material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE.

e.    "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

-2-

f.    "Party" means one of Plaintiff St. Clair Intellectual Property Consultants, Inc. or Defendants LG Electronics Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc.

g.    "Requesting Party" or "Receiving Party" means the Party that requests or receives the disclosure of Protected Material.

h.    "Producing Party" means a Party that possesses, owns or otherwise controls the Protected Material requested by the Requesting Party.

2.    **Scope.**    This Protective Order shall govern the handling of Protected Materials produced or disclosed in the above actions, including but not limited to Protected Materials that are produced pursuant to any applicable rules, a written discovery request or subpoena, and/or used during the trial or any proceeding in this action. Nothing in this Order creates a presumption or implies that information designated as Protected Materials actually constitutes a trade secret, is proprietary, or is otherwise protectable information.

3.    **Designation of Protected Material.**

a.    Confidential Material.    In responding to a request for discovery, any Party or third party may designate for confidential treatment pursuant to this Protective Order any Material that it considers to contain trade secrets or other sensitive business, commercial, or technical information ("Confidential Material," designated "CONFIDENTIAL"). The term Confidential Material also encompasses the information contained within any Confidential Material.

b.    Highly Confidential Material.    In responding to a request for discovery, any Party or third party may designate for highly confidential treatment pursuant to this Protective Order any Material that it considers (a) to contain trade secrets

-3-

or financial or other confidential information; and (b) to be entitled to a higher level of protection than Confidential Material due to its commercial sensitivity or likelihood of harm resulting from its disclosure ("Highly Confidential Material," designated "HIGHLY CONFIDENTIAL"). The term Highly Confidential Material also encompasses the information contained within any Highly Confidential Material.

     c.    <u>Highly Confidential – Subject To Prosecution Bar Material</u>.    In responding to a request for discovery, any Party or third party may designate for highly confidential-subject to prosecution bar treatment pursuant to this Protective Order any material that qualifies as Highly Confidential Material that the designating Party or third party considers to contain technical trade secrets. ("Highly Confidential – Subject to Prosecution Bar Material," designated "HIGHLY CONFIDENTIAL - SUBJECT TO PROSECUTION BAR"). The term Highly Confidential – Subject to Prosecution Bar Material also encompasses the information contained within any Highly Confidential – Subject to Prosecution Bar Material. Highly Confidential – Prosecution Bar Material is a type of Highly Confidential Material.

     d.    <u>Highly Confidential – Source Code Material</u>.    In responding to a request for discovery, any Party or third party may designate for highly confidential-source code treatment pursuant to this Protective Order any source code, *e.g.,* human-readable programming language text that defines software, firmware, or electronic hardware descriptions. ("Highly Confidential – Source Code Material," designated "HIGHLY CONFIDENTIAL – SOURCE CODE"). Treatment of Highly Confidential – Source Code Material is subject to special restrictions, as detailed in Paragraph 8 below.

e.    Exclusions.    Material and/or information contained therein is not Confidential or Highly Confidential if it, by lawful means and means not constituting a breach of this Order: (a) is disclosed in a publically available printed publication (*e.g.*, advertising materials); (b) is otherwise known to the general public; (c) was disclosed in a document submitted to any governmental entity without a request for confidential treatment; (d) was known to the recipient without obligation of confidentiality before the producer disclosed it; or (e) is or becomes known to the recipient without obligation of confidentiality.

4.    **Designation Procedure.**

a.    Documents or other material (apart from depositions) may be designated by affixing the appropriate Confidential or Highly Confidential legend (*e.g.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL MATERIAL", "HIGHLY CONFIDENTIAL – SOURCE CODE", or "HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR") to each page containing any Protected Material, except that, in the case of hardcopy multi-page documents bound together by staple or other binding, the legend need only be stamped on the first page of the document in order for the entire document to be treated as Protected Material.

b.    Non-paper media (*e.g.*, videotape, audiotape, computer disks, etc.) may be designated by affixing the appropriate Confidential or Highly Confidential legend on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. Such designation is deemed to apply to the medium itself and to the material and information contained therein. If any items produced in a non-paper medium are printed or otherwise duplicated by the propounding Party who receives the material (the

-5-

"Receiving Party"), the Receiving Party must mark each page of the duplicate with the confidentiality designation.

        c.      Depositions or other proceedings on the record, including the trial, may be designated (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the final transcript thereof (in the interim all deposition transcripts and testimony should be treated as Highly Confidential). In both of the foregoing instances, the designator must specify which portions of the transcript qualify as CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE and must direct that an appropriate legend be affixed to the first page of the original and all copies of the pages of the transcript that contain the Protected Material. Any portion of a deposition of any witness that encompasses Protected Material shall be taken only in the presence of persons who are qualified to have access to such information.

        d.  Any information not reduced to documentary, tangible or physical form or which can be conveniently designated as set forth in Paragraphs 4(a) through 4(c) shall be designated by informing the Receiving Party of the designation in writing.

        5.     **Use of Protected Material.** Protected Material shall only be used for purposes of the above-captioned case. Confidential Material and Highly Confidential Material shall not be used in any other litigation, arbitration or administrative or judicial proceeding (including, without limitation, any patent reexamination proceedings instituted in the United States Patent

-6-

and Trademark Office) without prior written authorization by the Producing Party or order of the Court.

6.      **Access to Confidential Material.**      Access to any Confidential Material shall be limited to:

a.      This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

b.      The Receiving Party's outside counsel of record, their immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

c.      In-house counsel representatives for each Party, which shall number no more than three (3) for each Party at any one time, so long as their duties and responsibilities require access to Protected Material and they have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), except that unless otherwise agreed, no employee, in-house counsel, officer, or director of a defendant in this matter shall have access to Protected Material produced by any third party in this matter;

d.      Court reporters retained by one of the parties to transcribe testimony in this litigation, who do transcribe such testimony, to the extent that the Protected Material is produced during the transcription;

e.      Outside experts and consultants retained by at least one Party or their counsel for purposes of this litigation, including their support, administrative and clerical staff, provided that (a) disclosure is only to the extent necessary to perform such work, (b) that there are no unresolved objections to such disclosure after proper notice has been

-7-

given to all parties as set forth in Paragraph 11 below; (c) that such experts are not presently and have no current plans to become employees of any of the Parties or their competitors; and (d) that such experts or consultants agree in writing to be bound by this Protective Order by signing Exhibit A;

      f.      Outside vendors, including any individual or organization that provides photocopying, document processing or other document-related services, data management support, translation, or graphics services as part of discovery or preparation and trial of the Litigation (but excluding jury consultants and mock jurors; *see* Paragraph 12), having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

      g. Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Protected Material, or a person as to whom it had been reasonably established is an author or recipient of such information prior to the intended disclosure in this action;

      h. Witnesses at deposition or at trial, and their counsel, who were affiliated with the Producing Party at the time of the testimony or at the time the Protected Material, or the document containing the Protected Material was created; and

      i. Any person for whom prior authorization is obtained from the Producing Party in writing or the Court.

      7.      **Access to Highly Confidential Material**. Access to any Highly Confidential Material (including Protected Material designated HIGHLY CONFIDENTIAL- SUBJECT TO PROSECUTION BAR and HIGHLY CONFIDENTIAL – SOURCE CODE) shall be limited to the persons designated in Paragraphs 6(a)-(b), (d), and (e)-(i). Persons designated in Paragraph

-8-

6(c) ("In-house counsel representatives") are strictly prohibited from viewing any information designated "HIGHLY CONFIDENTIAL," except that in-house counsel, including the clerical employees of such counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case shall be allowed access to St. Clair's Highly Confidential Material.

8.      **Access to Highly Confidential – Source Code Material.** Access to HIGHLY CONFIDENTIAL – SOURCE CODE Material shall be limited to persons described in Paragraphs 6(a)-(b), (d), and (e)-(i), and shall be subject to the Default Standard For Access To Source Code ("DSASC"), and the following additional protections given the particularly sensitive nature of the information.

      a.      <u>Source Code Computer.</u>      The Producing Party shall make any HIGHLY CONFIDENTIAL – SOURCE CODE Material produced in this litigation available for inspection on a stand–alone, non–networked personal computer running a reasonably current version of the Microsoft Windows operating system (the "Source Code Computer"). The HIGHLY CONFIDENTIAL – SOURCE CODE Material may not be compiled, except as required by the Court under paragraph 8 of the DSASC.

      b.      <u>Availability.</u> The Producing Party shall make the HIGHLY CONFIDENTIAL – SOURCE CODE Material available electronically and in text searchable form on a Source Code Computer in a secure room at the offices of the Producing Party's outside counsel, or at some other location mutually agreed upon in writing by the Producing Party and the Receiving Party.

      The Source Code Computer shall be made available from 9 am to 6 pm local time, Monday through Friday (excluding holidays), until the close of discovery in this action.

No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room.  Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room.  Nor shall any non–electronic devices capable of similar functionality be permitted in the secure room.

      c.    <u>Verification</u>.  In order to verify that its HIGHLY CONFIDENTIAL – SOURCE CODE Material has not later been altered, the Producing Party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

      d.    <u>Review Tools</u>.  The Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including at least a text editors and a multi–file text search tool such as "grep."  Receiving Party may request that specific commercially available software tools (including but not limited to compilers, interpreters, or simulators) to assist in evaluating, reviewing and searching the electronic source code be installed on the Source Code Computer; provided, however, that such other tools are mutually agreed upon and reasonably necessary for the Receiving Party to perform its review and/or evaluation of the HIGHLY CONFIDENTIAL – SOURCE CODE Material consistent with the purposes and protections herein.  The Producing Party shall not deny such request absent a compelling justification pertaining to the confidentiality and security of the HIGHLY CONFIDENTIAL – SOURCE CODE Material.  The Receiving Party shall provide the Producing Party with such software tool (s) at least ten (10) days in advance of the date

upon which the Receiving Party wishes to have the additional agreed upon tools available for use on the Source Code Computer and the Receiving Party shall bear any and all costs arising from or associated with licensing, installing, or otherwise using the tools. Tools for reviewing HIGHLY CONFIDENTIAL – SOURCE CODE Material shall not be used to circumvent the protections of this Order.

e.    Disclosure and Access Restrictions.    A Receiving Party may not disclose HIGHLY CONFIDENTIAL – SOURCE CODE Material to anyone who has not undertaken to abide by this Order. No employee of the Receiving Party may access or obtain HIGHLY CONFIDENTIAL – SOURCE CODE Material.

Each time outside counsel for the Receiving Party requests a review of HIGHLY CONFIDENTIAL – SOURCE CODE Material on the Source Code Computer, it must give at least two (2) business days (and at least 48 hours) notice to the Counsel for the Producing Party that it will be sending individual(s) authorized to review the HIGHLY CONFIDENTIAL – SOURCE CODE Material made available on the Source Code Computer. The Receiving Party shall identify all individuals who will be given access to the HIGHLY CONFIDENTIAL – SOURCE CODE Material at least ten (10) days prior to any inspection, after which time the Producing Party may object to providing HIGHLY CONFIDENTIAL – SOURCE CODE Material access to any persons so identified.

f.    Identification Requirement.    Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer.    Proper identification is hereby defined as an original form of photo identification (including, *e.g.*, a personal identification card, a driver's license, or a passport) sanctioned by the government of a U.S. state, by the United States federal

-11-

government, or by the nation state of the authorized person's current citizenship.  Access to the secure facility or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

     g.    Reproduction Restrictions.

    [**Defendants**: Per Delaware Default Standard for Access to Source Code ¶ 5, **HIGHLY CONFIDENTIAL – SOURCE CODE Material may not be printed or copied without the agreement of the producing party or further order of the court.**]

    [**Plaintiff**: The Source Code Computer shall be equipped with a laser printer with commercially reasonable printing speeds to print a copy of HIGHLY CONFIDENTIAL – SOURCE CODE Material on watermarked pre–Bates numbered paper, which shall be provided by the Producing Party.  Counsel for the Producing Party will keep the originals of printed documents, and one copy shall be made for Outside Counsel for the Receiving Party within 48 hours after the completion of the inspection. Counsel for the Receiving Party may request up to five (5) additional copies of printed HIGHLY CONFIDENTIAL – SOURCE CODE Material, at the Receiving Party's expense.  ~~While there is no hard limit to the number of pages that may be printed and copied,~~ Any printing and copying shall be limited to a reasonable amount, and shall not be done in such volume as to circumvent the purpose of protecting the HIGHLY CONFIDENTIAL – SOURCE CODE Material *and shall not exceed 5% or 100 pages* ~~to the fullest extent possible. If more than 10% or 1000 pages~~ (whichever is ~~greater~~ *smaller*) of the total HIGHLY CONFIDENTIAL – SOURCE CODE Material for any software release or a continuous block of more than ~~one hundred~~ *50 pages.* ~~(100) pages is printed, then the Producing Party may request that the Parties meet~~

and confer before releasing the copy, but must do so promptly and shall not unreasonably withhold the copy. All printed HIGHLY CONFIDENTIAL – SOURCE CODE Material shall be logged by the Receiving Party as noted below. In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE Material, the printed copy or copies of the HIGHLY CONFIDENTIAL – SOURCE CODE Material maintained by the Receiving Party must be kept in a locked storage container when not in use. No electronic copies of the HIGHLY CONFIDENTIAL – SOURCE CODE Material shall be provided.]

     h.   <u>Use Restrictions</u>.    Other than in connection with pleadings filed under seal and depositions designated "HIGHLY CONFIDENTIAL – SOURCE CODE," no subsequent copies shall be made of the printed copy provided by the Producing Party to the Receiving Party. Hard copies of the HIGHLY CONFIDENTIAL – SOURCE CODE Material also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology.

Access to and review of the HIGHLY CONFIDENTIAL – SOURCE CODE Material shall be strictly for the purpose of investigating the claims and defenses at issue in this Action and prosecuting or defending this action. No person shall review or analyze any HIGHLY CONFIDENTIAL – SOURCE CODE Material for purposes unrelated to this Action; nor may any person use any knowledge gained as a result of reviewing HIGHLY CONFIDENTIAL – SOURCE CODE Material in this Action in any other pending or future dispute, proceeding, or litigation.

i.    <u>Log and Certification</u>. The Receiving Party's Outside Counsel shall keep a log identifying, for each and every time any HIGHLY CONFIDENTIAL – SOURCE CODE Material is viewed or accessed on the Source Code Computer: (i) the name of each person who viewed or accessed the HIGHLY CONFIDENTIAL – SOURCE CODE Material; (ii) the date and time of such access; (iii) the length of time of access; (iv) whether any hard copies of any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE Material were printed. Within thirty (30) days after the issuance of a final, non–appealable decision resolving all issues in this Action – or within thirty (30) days of entry of dismissal following a settlement between the Receiving Party and the Producing Party – the Receiving Party must serve upon the Producing Party the log and, at the Receiving Party's option, either return to the Producing Party or certify the destruction of any paper copies of the Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE Material as well as documents, pleadings, reports, and notes reflecting or referring to such HIGHLY CONFIDENTIAL – SOURCE CODE Material. In addition, all persons to whom the paper copy of the HIGHLY CONFIDENTIAL – SOURCE CODE Material were provided must certify in writing that the copy of the HIGHLY CONFIDENTIAL – SOURCE CODE Material were returned to the Counsel who provided them the information and that they will make no use of the HIGHLY CONFIDENTIAL – SOURCE CODE Material or of any knowledge gained from the HIGHLY CONFIDENTIAL – SOURCE CODE Material in any future endeavor.

j.    <u>Development Restrictions</u>. Any Outside Consultant or Expert retained on behalf of a Receiving Party who is to be given access to a Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE Material (whether in electronic form or otherwise)

must first agree in writing not to perform software development work, directly or indirectly, intended for commercial purposes in the field of smartphones, utilizing any part or portion of the disclosed software that was accessed by the Outside Consultant, which was not already known to the Outside Consultant or in the public domain. This shall not preclude such Outside Consultants from consulting in future litigation, so long as such consulting does not involve software development work as described in the preceding sentence that is directly or indirectly intended for commercial purposes.

k.     Written Waivers Only.        If a Producing Party wishes to waive or otherwise reduce the restrictions set forth above on the production of HIGHLY CONFIDENTIAL – SOURCE CODE Material, it may do so by agreement in writing with the Receiving Party. However, no action taken (or not taken) by the Producing Party shall be considered a waiver of any of the provisions or protections set forth herein relating to HIGHLY CONFIDENTIAL – SOURCE CODE Material absent written agreement between the Producing Party and the Receiving Party explicitly so stating. Nothing in this Protective Order shall be deemed an admission by any Party that production of HIGHLY CONFIDENTIAL – SOURCE CODE Material is necessary in this action or required by the Federal Rules of Civil Procedure or the Local Rules of this Court. Nothing herein shall be deemed a waiver of a Party's right to object to the production of source code. Absent a subsequent and specific court order, nothing herein shall obligate a Party to breach any non–party license agreement relating to such source code.

9.     **Handling of Protected Materials**. Any person in possession of Protected Materials shall exercise reasonable and appropriate care with regard to the storage, custody, or

use of such materials to ensure that their confidential nature is maintained. No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 6, and only as specified in this Stipulated Protective Order.

10. **Subscription to Protective Order.** Other than court personnel, every person given access to Protected Material shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in paragraphs 6(c), (e)-(f) and (h) above who are given access to Protected Material shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and dating a copy of Exhibit A. At least ten (10) days before any expert, consultant or other person listed in paragraph 6(e) is given access to Protected Material, the Receiving Party shall serve on the relevant Producing Party (a) the signed Exhibit A; (b) a written identification of the person; and (c) a copy of the person's curriculum vitae, a list of all past and present employment or consulting relationships, a list of any previous or current relationships (personal or professional) with any of the parties; a list of all patents and patent applications on which the person is listed as an inventor, and a list of the cases in which the person has testified at deposition or trial, all companies for which the individual has provided consulting services (either directly or through a consulting firm), and all companies by which the individual has been employed, within the last five (5) years. The disclosure requirement applies to all individuals given access under paragraph 6(e), including all professionals working at the direction of counsel, outside experts and consultants, including employees who provide technical, engineering, accounting or financial support services. The Party proposing to make the disclosure must make a reasonable

-16-

investigation to determine if that expert or consultant is affiliated either personally or professionally with a competitor of the producer and, if so, must specifically describe that affiliation in the written identification of the expert or consultant. Within ten (10) days after such notification, counsel for the Party that produced the Protected Material may object to the disclosure of its Protected Material if the Producing Party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant). If such objection is made, the Parties shall use their best efforts to promptly resolve the dispute, but if the Parties are unable to reach a resolution, the Producing Party may move for a protective order precluding the disclosure of the information to such person within ten (10) days after the objection. Where objection is made, no Protected Material shall be disclosed to such person until the day after the last day to file a motion for a protective order (where no protective order is sought and, thus, any objection waived), or upon entry of the Court's order denying the Producing Party's motion for protection. For clarity, no Protected Materials shall be provided to a disclosed person who has been objected to until after resolution of the objection either by the parties or by the Court.

11. **Prosecution Bar.** Absent the written consent of the Producing Party, any individual Plaintiff's Counsel (outside or in-house) that learns of or reviews Protected Material designated HIGHLY CONFIDENTIAL - SUBJECT TO PROSECUTION BAR or HIGHLY CONFIDENTIAL - SOURCE CODE shall not be involved in the prosecution of the patents asserted in this action, or any application claiming priority to the patents asserted in this action, or any other patents or patent applications that (1) involve the particular technology or information disclosed in Protected Material designated HIGHLY CONFIDENTIAL - SUBJECT TO PROSECUTION BAR or HIGHLY CONFIDENTIAL - SOURCE CODE or (2) claim (a)

power management methods or technology; (b) bus signaling methods or technology; or (c) mappable I/O pins in a chip or distributed system (collectively, the "Barred Technology Areas") before any foreign or domestic agency responsible for the issuance of patents, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes, without limitation: (i) the drafting or amending of patent claims, or the supervising of the drafting or amending of patent claims; (ii) participating in or advising on any amendment to claims in a reexamination or reissue proceeding; and (iii) advising any client concerning strategies for obtaining patent rights in Barred Technology Areas. This prosecution bar is personal to the person receiving such Material and shall not be imputed to any other person or entity. For each individual subject to this Protective Order who receives and reviews or otherwise learns of Protected Material designated HIGHLY CONFIDENTIAL - SUBJECT TO PROSECUTION BAR or HIGHLY CONFIDENTIAL - SOURCE CODE, the prohibition on patent prosecution shall begin for such individual upon receipt and review or otherwise learning of any Protected Material designated HIGHLY CONFIDENTIAL - SUBJECT TO PROSECUTION BAR or HIGHLY CONFIDENTIAL - SOURCE CODE, and such prohibition shall end one (1) year after the final resolution of this action, including all appeals.

12. **Use of Mock Jurors.** A Party may not disclose to mock jurors any original, as-produced materials (including, for example, documents, source code, or interrogatory responses) produced by another Party designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE. A Party may, however, disclose to mock jurors (1) transcripts or recordings of CONFIDENTIAL-designated or HIGHLY CONFIDENTIAL-designated testimony; and (2) arguments and materials prepared by its outside counsel that are

derived from as-produced materials, so long as the derivative materials do not include the as-produced material itself. Before hearing arguments or reviewing materials that were derived from Protected Material, each mock juror must sign an undertaking or agreement agreeing not to publicly disclose such arguments and materials and to keep such arguments and materials confidential.

13.     **Withholding of Material Based on Third Party Confidentiality**.     Should any Party withhold documents on the basis of third-party confidentiality obligations, that Party will provide to the Requesting Party: (1) the name of the third party; (2) the nature of the withheld information; (3) the dates of the documents; and (4) any efforts made to obtain the permission of the third party to produce the confidential information.

14.     **Inadvertent Production of Privileged or Otherwise Protected Information**. The inadvertent production of any privileged or otherwise protected information shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege or work-product doctrine. Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error. Upon reasonably prompt written request of the person that produced such information, within three business days, the receiver of such information must return the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. In the case of an inadvertently produced or

disclosed material, the Producing Party shall include such material in a privilege log identifying such inadvertently produced material. The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production of disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

15. **Inadvertent Failure to Properly Designate Documents**. Failure to designate Protected Material as CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE at the time of production shall not waive a Party's right to add such designations later. However, no Party shall be deemed to have violated this Protective Order if, prior to any later designation, Protected Material has been disclosed or used in a manner inconsistent with such later designation. Once a CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE designation is made, the Protected Material shall be treated according to its new designation. To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.

16. **Filing Confidential or Highly Confidential Information with the Court**. If a Party files a document containing Confidential or Highly Confidential Information with the Court, all such documents shall be filed electronically under seal as provided for in Local Rule

-20-

5.1.3. The filing Party shall serve the sealed document, independently of the CM/ECF system and consistent with the provisions of this Protective Order, upon all parties of record by electronic mail.

17.     **Disclosure in Violation of Protective Order**.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement attached as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

18.     **Challenges to Designation**. Any Party may object to the designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE. Such objection must be made in writing to counsel for the Producing Party, and must provide the basis for the objection. Any such material shall be treated as designated until the objection is resolved. If the Producing Party does not change the designation in response to the objection, the Party seeking the change may move for appropriate relief. In connection with such a motion, the Party asserting that the information is Protected Material shall have the burden of establishing that good cause exists for maintaining the designation.

A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by conferring with the

Producing Party. In conferring, that Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Producing Party must cooperate in scheduling such conference. If the Producing Party is unavailable to meet and confer within a reasonable amount of time or fails to cooperate in scheduling the conference, the Producing Party may proceed to file its motion with the Court.

19. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information**. This Stipulated Protective Order shall not impose any restrictions on (a) the use or disclosure by a Party of information or material properly obtained by the Party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a Party from disclosing, as it deems appropriate, any information or documents from the Party's own files that the Party itself has designated as Protected Material. This Stipulated Protective Order also shall not apply to information that (a) was properly known to the Requesting Party before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the Requesting Party without access to Protected Material, or (d) is disclosed to the Requesting Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party.

20. **Return or Destruction Upon Termination of Litigation**. Upon the termination of this litigation, including any appeals, all documents and other materials designated by a Producing Party as CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE,

including all copies of such materials, shall be returned to the Producing Party's Outside Counsel or, at the Receiving Party's option, destroyed with the exception of copies stored on back-up tapes or other disaster recovery media. Each Party's outside counsel, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the Parties, but must return any pleadings, correspondence, and consultant work product that contain source code. Any Protected Materials in the archival copy shall remain subject to the provisions of this Order. All Parties shall certify compliance with this Paragraph in writing within 90 days of the termination of the litigation.

21.     **Modification of the Stipulated Protective Order**. This Protective Order may be modified by written agreement and Court's approval of such agreement or, failing such agreement, by order of the Court, which shall be binding on all others bound by the terms of this Protective Order. The Parties expressly reserve their right to request modification of this Order for good cause.

22.     **No Waiver of Claim or Defense**.    No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

23.     **Injunctive Relief**.    If any person violates or threatens to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person. The parties agree that, if the aggrieved Party demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved Party will be irreparably harmed.

24.    **Subpoena or Court Order**.  If a Requesting Party (or any other person who has obtained Protected Material under the terms of this Protective Order) is served with a subpoena or a court order that would compel disclosure of any Protected Material, then no more than 14 days after receiving the subpoena or order, the Requesting Party must (1) notify the Producing Party, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the Party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to nondisclosure constraints under the terms of this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the Party that caused the subpoena or order to issue. Moreover, the Requesting Party shall not produce any Protected Material in response to the subpoena before such written notification and for fourteen (14) days thereafter.  The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing Party an opportunity to seek protection for its Protected Material in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that court.  If such request to the court is made, then the Protected Material shall not be produced until that court rules.  Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

25.    **Survival of Protective Order**.       The obligations imposed by this Protective Order shall survive the termination of this litigation.

26.    **Jurisdiction Retained**.       The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them

for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this litigation.

27. **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, HIGHLY CONFIDENTIAL – SUBJECT TO PROSECUTION BAR, or HIGHLY CONFIDENTIAL – SOURCE CODE pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

BAYARD, P.A.

/s/ Stephen B. Brauerman
Richard D. Kirk (#922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Attorneys for Plaintiff*

MORRIS JAMES LLP

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Attorneys for Defendants*

IT IS SO ORDERED this ___24th___ day of ___Jul___, 2012.

_____
UNITED STATES DISTRICT JUDGE

## EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____ declares that:

I reside at _____ in the city of _____, county

_____, state of _____.  I am

currently employed by _____located at and my current job

title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order
("Order") filed in Civil Action No. 11-cv-01304-LPS, pending in the United States District
Court for the District of Delaware. I agree to comply with and be bound by the provisions of the
Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order
may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of
the above. I submit myself to the jurisdiction of the United States District Court for the District
of Delaware for the purpose of enforcing or otherwise providing relief relating to the Protective
Order.

I agree to abide by the terms set forth as follows:

I am an outside expert or consultant designated in accordance with Paragraphs 6(e) or
6(f). an in-house representative designated in accordance with Paragraph 6(c) to receive
Protected Material under the terms of the Stipulated Protective Order. I shall not provide any
copies of Protected Material obtained in accordance with the Stipulated Protective Order, or
divulge the contents of such Protected Material, to any person other than those specifically

authorized by the Stipulated Protective Order.  I shall not copy or use such Protected Material except for the purposes of this litigation and in accordance with the terms of the Stipulated Protective Order.

As soon as is practical, but no later than 30 days after final termination of this litigation, I shall return any Protected Material in my possession to the attorney from whom I received such Protected Material.  I shall also return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Protected Material.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                _____